UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYDAR AL-KHAFAJI,<br><br>   Petitioner,<br><br> v.<br><br>CRAIG KOENIG,<br><br>   Respondent. | Case No. 20-cv-06815-JST<br><br>**ORDER OF DISMISSAL** |

Petitioner, a state prisoner incarcerated at Correctional Training Facility, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an August 15, 2019 denial of parole. For the reasons set forth below, the petition is DISMISSED.

**DISCUSSION**

**I. State Court Proceedings**

On December 6, 2009, Petitioner was convicted in San Diego Superior Court of kidnapping for rape, assault with intent to commit rape, and robbery (Cal. Penal Code §§ 209(b)(1), 220(a), 211). ECF No. 6 at 9. Petitioner was sentenced to life with the possibility of parole, plus three years. ECF No. 6 at 9.

On August 15, 2019, the Board of Parole Hearings ("BPH") found Petitioner unsuitable for parole at that time. ECF No. 6 at 9.

On or about November 26, 2019, Petitioner filed a state habeas petition in the San Diego County Superior Court, arguing that the BPH abused its discretion in finding him unsuitable for parole because the BPH relied on an outdated 2017 psychiatric report despite the fact that Petitioner's current psychologist could have provided an updated report that would have refuted the findings in the 2017 report; relied on his history of marijuana abuse despite his not having used

marijuana in a decade; concluded that Petitioner did not present realistic plans for substance abuse and mental health treatment despite Petitioner presenting information showing that a professor had agreed to counsel him and Petitioner would have been subject to the state parole office's psychiatric outpatient clinic. ECF No. 7-3 at 24-28. The state superior court denied the petition, finding that the BPH's decision was supported by some evidence and finding that Petitioner's arguments were unpersuasive. ECF No. 7-3 at 24-28.

Petitioner filed a habeas petition with the California Court of Appeals, arguing that the BPH violated his federal and state due process rights because its unsuitability finding was based on giving too much weight to his mental illness and substance abuse, relying on an outdated psychological evaluation, and not giving enough weight to his good behavior and self-improvement efforts in prison and his plans for release on parole. ECF No. 7-3 at 34-36. On March 6, 2020, the state appellate court denied the petition, finding that the BPH conducted the required individualized consideration of the specified criteria, that the BPH's suitability decision was supported by some evidence, and that the decision was neither arbitrary nor procedurally flawed. ECF No. 7-3 at 34-36.

On March 30, 2020, Petitioner filed a habeas petition with the California Supreme Court, challenging the BPH's August 15, 2019 unsuitability finding. Petitioner argued that the BPH abused its discretion in the following ways: (1) the BPH commissioner referred to him as a person who has a problem with women; (2) the BPH commissioner conspired to have a female district attorney falsely convey non-existent reports from the victim; (3) the BPH commissioner "showboated" in the presence of the female deputy commissioner, the female district attorney, the female trainee, and Petitioner's female attorney by badgering Petitioner as to whether Petitioner's professor was aware that Petitioner had a problem with women, was mentally ill, and posed a threat to public safety; (4) the BPH commissioner relied on an outdated psychiatric report and its own misplaced interpretation of Petitioner's current mental status; and (5) the BPH commissioner repeatedly emphasized that Petitioner was mentally unstable as the sole reason to deny parole. The only legal claim made in this petition was that the parole denial violated Petitioner's federal due process rights because the denial was based on false or inaccurate information and that there

1    was evidence of his parole suitability; because he could continue receiving psychiatric treatment
2    through his parole office; and because the BPH commissioner misstated/misunderstood the facts
3    of the underlying crime. ECF No. 6 at 9-27. On July 8. 2020, the California Supreme Court
4    denied the state habeas petition.

5        On or about September 29, 2020, Petitioner filed the instant federal petition for a writ of
6    habeas corpus by submitting the petition he filed with the California Supreme Court. ECF No. 6.

7        On March 15, 2021, the Court screened the instant petition and found that the petition
8    made the following due process claim: a BPH commissioner abused his discretion and violated the
9    federal Due Process Clause and California caselaw when he found Petitioner unsuitable for parole
10   by relying on an outdated mental health assessment and by considering substance abuse and
11   mental health issues. ECF No. 16. The Court found that this allegation failed to state a cognizable
12   federal habeas claim because the Supreme Court has held that federal courts may not intervene in
13   parole decisions as long as the minimum procedural protections – the opportunity to be heard and
14   a statement of the reasons why parole was denied – are provided and because the Due Process
15   Clause does not require correct application of California's "some evidence" standard for denial of
16   parole. ECF No. 16 at 2-3 (citing *Swarthout v. Cooke*, 562 U.S. 216, 220-21 (2011) and *Roberts
17   v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011)). The Court ordered Petitioner to show cause why
18   this petition should not be dismissed for failure to state a cognizable federal habeas claim. ECF
19   No. 16.

20   **II.     Response to Order to Show Cause**

21       In his response to the Order to Show Cause, Petitioner does not deny that he received the
22   necessary procedural protections required by the federal Due Process Clause.[1] Rather, he now
23   argues that the parole board was biased as follows:

24   > Plaintiff never had a fair hearing at his parole board all the women
25   > were obviously biased in their comments "So you have a problem
     > with women?"

26

---

27   [1] Petitioner was present at the hearing and was provided a statement of the reasons why parole was
28   denied. *See generally* ECF No. 6 at 21-28; ECF No. 7 at 27-42; ECF No. 7-1; ECF No. 7-2; and ECF No. 7-3 at 1-22.

ECF No. 17 at 6.

A prisoner is entitled to have his release date considered by a parole board that is free from bias or prejudice. *O'Bremski v. Maas*, 915 F.2d 418, 422 (9th Cir. 1990) (citing *Schweiker v. McClure*, 456 U.S. 188, 195 (1982); *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); and *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981)). "[B]ecause parole board officials perform tasks that are functionally comparable to those performed by the judiciary, they owe the same duty: 'to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake.'" *O'Bremski*, 915 F.3d at 422 (citing *Sellars*, 641 F.2d at 1303).

However, Petitioner's allegation that the single question "So you have a problem with women?" indicates that the decision was biased is too conclusory to present a cognizable claim of biased decision-making.[2] Also, even if this allegation were sufficient to state a cognizable claim for federal habeas relief, this claim was not raised in the instant federal petition. The instant petition only alleges that the finding of parole unsuitability violated the Due Process Clause because it improperly relied on an outdated psychiatric report and improperly considered mental health and substance abuse issues.

The Court's general practice would be to dismiss the petition with leave to amend to allow the petitioner to file an amended petition that raises this claim and addresses the deficiency identified above. However, granting leave to amend to add this claim of bias would be futile because this bias claim is unexhausted. In his state court petitions, Petitioner did not challenge the parole unsuitability finding on the grounds that the BPH was biased. *See, e.g.*, ECF No. 6 at 9-27; ECF No. 7-3 at 24-28, 34-36. Before a petitioner may bring a Section 2254 petition to challenge either the fact or length of his or her confinement, the petitioner must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

---

[2] The Court has reviewed the transcript of the August 15, 2019 BPH hearing provided by Petitioner as an attachment to his petition (ECF No. 7 at 27-42, ECF No. 7-1, ECF No. 7-2, ECF No. 7-3 at 1-22) and has been unable to locate this purported question.

4

A district court may not grant the writ unless state court remedies are exhausted, or there is "an absence of available state corrective process," or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)-(B). Accordingly, the Court DISMISSES the petition because the claims raised – that the finding of parole unsuitability violated the Due Process Clause because it improperly relied on an outdated psychiatric report and improperly considered mental health and substance abuse issues – fails to state a cognizable claim for federal habeas relief. The dismissal is without leave to amend because the newly asserted claim of bias is unexhausted. Petitioner should first exhaust this claim of bias in the state courts because filing a federal habeas petition seeking relief from the August 15, 2019 parole unsuitability decision on this ground.

## III. Certificate of Appealability

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons set forth above, this petition for a writ of habeas corpus is DISMISSED and a certificate of appealability is DENIED. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: December 28, 2021

JON S. TIGAR
United States District Judge